No. 25            April 25, 2013            183

IN THE OREGON TAX COURT
REGULAR DIVISION

ROEDER HOLDINGS LLC,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant*,
*and*

DESCHUTES COUNTY ASSESSOR,
*Defendant-Intervenor.*

(TC 5018)

Plaintiff (taxpayer) appealed a Magistrate Division decision as to the value of real property in Deschutes County. Taxpayer argued that the valuation of the lots in its subdivision should be determined using a wholesale or bulk discount method, and that debris and rock was present on 29 of the lots as of the assessment date and that any valuation of the lots should take into account the cost of removing the debris. Following trial the court found that taxpayer had not carried his burden of proof due to the fact that taxpayer's appraisal evidence included several defects in its use of comparable sales, specifically, an absence of any paired-sales or other analysis that supported the opinion of taxpayer, and that the county's valuation of the lots was essentially correct.

Trial was held February 10 and 14, 2012, in the courtroom of the Oregon Tax Court, Salem.

Mark G. Reinecke, Bryant Lovlien & Jarvis PC, Bend, argued the cause for Plaintiff (taxpayer).

James C. Wallace, Senior Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant Department of Revenue (the department).

Laurie E. Craghead, Deschutes County Counsel, Bend, argued the cause for Defendant-Intervenor Deschutes County Assessor (the county).

Decision for Defendants rendered April 25, 2013.

**HENRY C. BREITHAUPT, Judge.**

## I.   INTRODUCTION

This matter is before the court following trial. The issue is the real market value of lots in a subdivision in Bend, Oregon. The tax year is 2009-10 and the assessment date is January 1, 2009. The trial in this matter was held in conjunction with *Roeder v. Dept. of Rev.*, 21 OTR 178 (2013) (*Roeder I*) and the parties agreed that evidence in either case could be considered in the other case.

## II.   FACTS

The subject property is each of 61 lots located in the Monticello Estates subdivision on the east side of Bend, Oregon. Plaintiff (taxpayer) purchased all 61 lots in one transaction on September 16, 2009, for an aggregate purchase price of $1,320,000. The lots have been developed with streets, curbs and utility connections but do not have houses built upon them.

Taxpayer maintains that debris and rock was present on 29 of the lots as of the assessment date and that any valuation of such lots should take into account the cost of removing that debris. Taxpayer relies on the testimony of John Roeder, its principal owner. Defendant-Intervenor Deschutes County Assessor (the county) defended this matter along with Defendant Department of Revenue (the department). The county relies on the testimony of its appraiser, who visited the property on several occasions bracketing in time the assessment date. The court finds that taxpayer has not shown by a preponderance of the evidence that the debris was located on the lots as of the assessment date. Accordingly, no adjustment for the presence of such debris as of the assessment date is warranted.

## III.   ISSUE

The issue in this case is the real market value (RMV) of each of the lots in the Monticello subdivision that are the subject of this case.

## IV.   ANALYSIS

As in *Roeder I*, taxpayer first asserts that the valuation of the lots in the subdivision should be determined

using a wholesale or bulk discount method. For the reasons stated in *Roeder I*, the court must reject that assertion.

The remaining method of valuation used by all parties is the comparable sales approach. As to this method, the record made in this case by taxpayer is essentially the same as that made in *Roeder I*. Similarly, the criticisms raised by taxpayer with respect to the valuation conclusions of the county are essentially the same as in *Roeder I*.

Although the appraisal witness for the county was a different person from the appraisal witness in *Roeder I*, the basic methodology was the same. Similarly, the criticisms raised by the county as to the conclusions of taxpayer's expert witness as to the comparable sales method were the same as those made in *Roeder I*.

For the same reasons discussed in *Roeder I*, the court is of the opinion that taxpayer has failed to carry its burden of proof with respect to the question as to RMV of the subject lots. As in *Roeder I*, the court is particularly concerned with the absence of any paired-sales or other analysis that supports the opinion of taxpayer's witness as to the existence and magnitude of the size adjustments he thought were needed in the analysis of the witness for the county. Also, the failure of the witness for taxpayer to make any time trend adjustment is of concern to the court given the dynamic nature of the market during the time in question.

## V.   CONCLUSION

The court finds that the RMV of the lots in question is as maintained by the county. Now, therefore,

IT IS DECISION OF THIS COURT that the RMV of the lots at issue in this case are as determined by Defendant-Intervenor Deschutes County Assessor.